# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. HALES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17CV1965-HEA |
| OFFICER GRISHAM, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert C. Hales for leave to commence this action without prepayment of the filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and will assess an initial partial filing fee of $2.20. In addition, for the reasons discussed below, the Court will: (1) dismiss all of plaintiff's claims against defendants Joe Taylor and Richard Lisenbe; (2) dismiss plaintiff's official capacity claims against defendant Grisham; and (3) direct the Clerk of Court to issue process as to defendant Grisham in his individual capacity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a resident account summary form that shows an average monthly balance of $11.00. The Court will therefore assess an initial partial filing fee of $2.20, which is twenty percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004)

(federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Mr. Grisham and Sergeant Joe Taylor (officers with the Phelps County Sheriff's Department), and Sheriff Richard Lisenbe. Plaintiff sues all defendants in their official and individual capacities.

According to the complaint, on May 15, 2017, while plaintiff was an inmate at the Phelps County Jail, he asked Grisham for a clean uniform. Grisham became enraged. He ordered plaintiff to come into the hallway, and told plaintiff he would "beat [his] ass now and throw [him] back in the pod." (Docket No. 1 at 6). Grisham then ordered plaintiff to sit on the hallway floor. As plaintiff was kneeling down onto the floor, Grisham fired his taser at plaintiff, hitting him in the abdomen and thigh. Plaintiff alleges that, after the incident, Taylor told plaintiff he would take appropriate action, and that plaintiff did not need to file a grievance. Plaintiff alleges that he was never contacted by internal affairs or anyone else and that Grisham was never suspended, and concludes that this means that Taylor never took any action against Grisham. Plaintiff was able to file a grievance. Plaintiff does not allege any specific conduct on the part of Lisenbe.

Plaintiff alleges that the tasing incident caused him to experience extreme pain and suffering. He also alleges that, since the tasing incident, he has suffered from insomnia and nightmares, and he experiences extreme stress when spoken to by an officer and is having

trouble functioning normally. Plaintiff seeks monetary relief, and he asks that Grisham be fired and that all officers be required to undergo sensitivity training.

**Discussion**

Plaintiff's allegations against Taylor fail to state a claim of constitutional dimension, and will be dismissed. Regarding Lisenbe, plaintiff does not allege that he engaged in any specific conduct that violated his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff's official capacity claims against Grisham will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, which in this case is the Phelps County Sheriff's Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as local sheriff's departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Even if plaintiff had named a proper party defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

The Court now turns to plaintiff's individual capacity claim against Grisham. Construed liberally, plaintiff has alleged that Grisham used a taser on him for the purpose of punishment or

causing harm. This claim survives initial review, and will be permitted to proceed. The Court will therefore direct the Clerk of Court to issue process upon the complaint as to Grisham in his individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all of plaintiff's claims against defendant Joe Taylor are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all of plaintiff's claims against defendant Richard Lisenbe are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendant Grisham are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause

process to issue, upon the complaint as to defendant Grisham in his individual capacity.

A separate order of partial dismissal will accompany this Opinion, Memorandum and Order.

Dated this 23rd day of October, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE